UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW THADDEUS TROITAN ADAM,<br><br>    Petitioner,<br><br>    v.<br><br>GAREN HORST, Judge,<br><br>    Respondent. | No. 2:23-cv-00709 DB P<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, an inmate at the Placer County Jail, proceeds pro se and seeks habeas corpus relief. (ECF No. 1.) As discussed below, the court construes the petition as being brought under 28 U.S.C. § 2241. Petitioner has also filed a request for a court order directing the jail to provide copies (ECF No. 9), a motion to dismiss petitioner's state criminal case (ECF No. 15), and a request for substitute counsel[1] in petitioner's state criminal case (ECF No. 16).

Examination of the affidavit submitted in support of a motion for leave to proceed in forma pauperis reveals petitioner is unable to afford the costs of this action. Leave to proceed in forma pauperis is granted. See 28 U.S.C. § 1915(a).

Upon screening the petition, however, the court finds petitioner has not named a proper respondent and has not exhausted the claims presented. Moreover, the court must abstain from

---

[1] This document is styled as a "Request for Marsden" and is addressed to the Placer County Superior Court.

1

1 interfering in petitioner's ongoing state criminal trial. In light of the recommendation herein to
2 summarily dismiss this action, petitioner's pending motions are moot.

### I. Petition, Amended Petition, and Supplement

The initial petition filed in this matter was not on the court's form and did not set forth the information required by Local Rule 190. On May 12, 2023, petitioner filed a first amended petition. (ECF No. 5.) The first amended petition is presented on a form that complies with Local Rule 190(b). The court deems the first amended petition to be the operative petition for screening purposes.

On May 15, 2023, petitioner filed a supplement to the petition in the form of a document which states at the top: "Please add to filing of habeas corpus dated 5-9-23." (ECF No. 6.) An amendment relates back if it "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). Pro se motions and habeas petitions from prisoners are to be liberally construed. See United States v. Jackson, 21 F.4th 1205, 1216 (9th Cir. 2022). Construed as a request to supplement the first amended petition, the request is granted.

### II. Applicable 28 U.S.C. § 2241 and Screening Standards

As a pretrial detainee, petitioner is not in custody "pursuant to the judgment of a state court" within the meaning of 28 U.S.C. § 2254, and instead brings the habeas petition under 28 U.S.C. § 2241(c)(3). See McNeely v. Blanas, 336 F.3d 822, 824 n. 1 (9th Cir. 2003). In screening the habeas petition brought under 28 U.S.C. § 2241, the court applies the Rule 4 framework of the Rules Governing Section 2254 Cases in the United States District Courts. See 28 U.S.C. foll. § 2254, Rule 4; see also Id., Rule 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)."). If it plainly appears from the petition, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, then the petition must be dismissed. Id., Rule 4.

The court may summarily dismiss a petition for writ of habeas corpus on its own motion after providing the petitioner with adequate notice and an opportunity to respond. Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001). A court should not dismiss a petition for habeas corpus

without leave to amend unless it appears no tenable claim for relief could be pleaded if such leave were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971) (per curiam).

### III. Allegations and Grounds in the First Amended Petition

Petitioner's motion requesting substitute counsel was denied, he was found incompetent to stand trial, and his criminal matter was "set off to side." (See ECF No. 5 at 1.) On January 20, 2023, the state hospital deemed petitioner competent and pretrial proceedings in his criminal case resumed. (Id. at 13.)

The First Amended Petition sets forth five grounds for relief, as follows: (1) Unconstitutional competence hearing (ECF No. 5 at 4); (2) Ineffective Assistance of Counsel (id. at 4); (3) Failure to Disclose Evidence by Prosecution (id. at 5); (4) "Bias atmosphere" to aggravate defendant as proof of mental instability (id.); and (5) Denial of Access to Courts (id. at 7).

### IV. Discussion

#### A. No Custodial Respondent

The first amended petition attempts to name the judge in petitioner's criminal case as respondent in this matter. A petition for writ of habeas corpus must be directed at the person having custody over the prisoner. See Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (§ 2254 petitions); Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992) (§ 2241 petitions). Petitioner's failure to name his custodian as the respondent deprives the district court of personal jurisdiction. See Stanley, 21 F.3d at 360.

#### B. Failure to Exhaust

Petitioner has not raised his claims in the California Supreme Court. (See ECF No. 5 at 2.) Although exhaustion is not a jurisdictional prerequisite to seeking relief under 28 U.S.C. § 2241, it can be judicially required. Laing v. Ashcroft, 370 F.3d 994, 997-98 (9th Cir. 2004). For prudential reasons, habeas petitioners seeking relief under 28 U.S.C. § 2241 are generally required to exhaust all administrative and judicial remedies prior to seeking habeas relief. Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012); Singh v. Napolitano, 649 F.3d 899, 900 (9th Cir.

2011). Requiring a petitioner to exhaust administrative remedies (1) aids judicial review "by allowing the appropriate development of a factual record in an expert forum," (2) conserves "the court's time because of the possibility that the relief applied for may be granted at the administrative level," and (3) allows "the administrative agency an opportunity to correct errors occurring in the course of administrative proceedings." Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983) (per curiam).

Petitioner has not raised his claims in the California Supreme Court. (See ECF No. 5 at 2.) The petition is unexhausted and is subject to dismissal on that basis.

### C. Younger Abstention

Principles of federalism and comity require that this court abstain and not entertain a pretrial habeas challenge unless the petitioner shows: (1) exhaustion of available state judicial remedies, and (2) "special circumstances" warrant federal intervention. Carden v. Montana, 626 F.2d 82, 83-84 & n. 1 (9th Cir.), cert. denied, 449 U.S. 1014 (1980); see also Younger v. Harris, 401 U.S. 37, 43-54 (1971); Samuels v. Mackell, 401 U.S. 66, 68-74 (1971) (under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances). Abstention under Younger and its progeny applies throughout trial and appellate proceedings, requiring that state appellate review of a conviction be exhausted before federal court intervention is permitted. Huffman v. Pursue, Ltd., 420 U.S. 592, 607-11 (1975).

All the criteria for Younger abstention are met. First, the prosecution of petitioner's case has resumed after petitioner was found incompetent. (See ECF No. 5 at 13.) Petitioner's state criminal proceedings are ongoing given that there is not yet any final judgment. See Page v. King, 932 F.3d 898, 902 (2019) (if no final judgment has been entered in state court, the state court proceeding is ongoing for purposes of Younger abstention); Dyer v. Allman, No. 18-cv-04513-RS (PR), 2018 WL 4904910, at *1-2 (N.D. Cal. Oct. 9, 2018) (habeas claims filed by the petitioner, who was involuntarily committed to a state mental hospital, were subject to Younger abstention because, inter alia, the petitioner's state court proceedings were ongoing).

////

Second, petitioner's criminal proceeding implicates important state interests relating to the safety of the state's citizens. See Younger, 401 U.S. at 51-52 (a state's task of enforcing its laws against socially harmful conduct is "important and necessary"). Third, petitioner has an adequate state forum in which to pursue his claims. See Penzoil Co. v. Texaco, Inc., 481 U.S. 1, 15 (1987) (a federal court should assume that state procedures will afford an adequate opportunity for consideration of constitutional claims "in the absence of unambiguous authority to the contrary"). To the extent petitioner presently seeks to raise constitutional claims concerning his criminal case, those claims can be adequately addressed by the California courts.

The fourth Younger factor is also satisfied. Petitioner seeks to have his state criminal case dismissed. (See ECF No. 15.) Granting habeas relief would require the court to effectively enjoin the pending state criminal proceedings against petitioner.

Because the Younger criteria are satisfied, abstention is required unless there is a showing of bad faith or harassment, or there are extraordinary circumstances where irreparable injury can be shown. See Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 816 n. 22 (1976) (Younger abstention is not discretionary once conditions are met). Petitioner's allegations in his first amended petition and supplement do not suggest that his case could fall within any exception to Younger. Thus, the Younger abstention rule applies.

**IV. Conclusion, Order, and Recommendation**

In accordance with the above, IT IS ORDERED:

1. The Clerk of the Court is directed to assign a district judge to this case.

2. The motion to proceed in forma pauperis (ECF No. 7) is granted.

3. Petitioner's pending motions (ECF Nos. 9, 15, 16) are denied as moot, without prejudice to renewal if the recommendation to summarily dismiss is not adopted.

In addition, IT IS HEREBY RECOMMENDED:

1. The petition for writ of habeas corpus be summarily dismissed; and

2. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the District Judge assigned to this case pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty (30) days after being

served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 8, 2023

DLB7
adam0709.scrn.fr

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE